## SPOONER v. CADY.

### No. 18,191; March 15, 1894.

#### 36 Pac. 104.

A Pleading may be Amended Without Leave of court under Code of Civil Procedure, section 472, providing that any pleading may be amended once as of course and without costs.[1]

An Amended Pleading Which is Stricken Out on motion does not supersede the original.[2]

APPEAL from Superior Court, Lassen County.

Action by Clara Spooner against Frank P. Cady in claim and delivery. Plaintiff had judgment by default, from which, and from an order overruling a motion to set aside the default, defendant appeals. Reversed.

Goodwin & Dodge and Trenmor Coffin for appellant; A. L. Shinn for respondent.

SEARLS, C.—This is an action in claim and delivery. Plaintiff had judgment, from which and from an order of the court made after final judgment, refusing a motion to set aside the default of defendant and the judgment rendered thereon, defendant appeals. The action was commenced October 3, 1892. On the thirteenth day of the same month defendant filed a demurrer to the complaint and answer. The demurrer was overruled, but at what date does not appear. On December 15, 1892, defendant served and filed an amended answer, which was not verified, and was filed without any leave of court first had or obtained. Plaintiff moved to strike out the amended answer upon the grounds that it was filed

---

1 Cited and followed in Dunbar v. Griffiths, 14 Idaho, 124, 193 Pac. 655, the court adding, in effect, however, that the privilege could be exercised only within the statutory time for filing the pleading, unless by leave of court.

2 Cited and followed in Wapello State Savings Bank v. Colton, 143 Iowa, 369, 122 N. W. 153, the court saying that by the striking of an amended petition from the files, the petition in its original shape is restored.

without permission of the court; without notice to plaintiff's attorneys; that it was not verified, and that it did not state facts sufficient to constitute a cause of action. The motion was heard December 23, 1892. At the hearing, defendant asked leave to verify the amended answer, and in support thereof filed an affidavit showing, as cause for want of verification when filed, that defendant was absent from the county on official business, and his attorney was desirous of at once notifying plaintiff's counsel of the contents of the proposed answer before preparations should be made for trial of the cause, etc. Defendant was sheriff of the county of Lassen, and, as one of the defenses of the original answer, an attempt was made, although a defective one, to justify the taking of the personal property in question by virtue of two certain writs of attachment. The attempt of the amended answer was to make a more full and specific defense than that contained in the original answer. The court below denied the application of defendant to verify the amended answer, struck the same out, and ordered judgment in favor of plaintiff, which was entered.

The court erred in its rulings. Under section 472 of the Code of Civil Procedure, "any pleading may be amended once by the party, of course and without costs, at any time before answer or demurrer filed, or after demurrer and before the trial of the issue of law thereon, by filing the same as amended, and serving a copy on the adverse party, who may have ten days thereafter in which to answer or demur to the amended pleading." Any pleading which may be amended, once of course and without costs, may be so amended without application to the court or permission therefrom. It is a right conferred upon parties equally with that of pleading originally; a right which the court cannot take from a party to an action. It must be exercised within the time and in the manner specified in the code, and is quite distinct from the numerous cases in which amendments to pleadings can only be made by leave of the court. The question whether an amendment to an answer as of course must be made within the ten days given to demur thereto, where no demurrer has in fact been interposed, or whether in such a case it may be made at any time before trial, is an important one, and, as its decision is not necessary to the disposition of the present

appeal, no opinion is expressed upon the question. The court treated the filing of the amended answer without leave as being improperly filed, and gave this as a reason for striking it out. Having stricken it out, it went further, and held that this amended answer had superseded the original answer, and hence that when it was stricken out there was no pleading on file on behalf of defendant, and gave judgment against him. It is true that "an amended pleading supersedes the original," but this must be taken with the limitation that, to perform that office or function, the amended pleading must be a valid, subsisting pleading, entitled to recognition as such, and legitimately in the place and stead of that which it supersedes. If it is a usurper, with no right to live or be of record, and only exists until the court can strike it out of existence because it was void ab initio, it fills no such office, and we cannot subscribe to the logic which treats a pleading as void because filed without leave of the court, and in the same breath asserts it to be valid and subsisting as a substitute for the original pleading. It follows that the court erred in entering judgment in favor of plaintiff, and against the defendant, with the original answer in the same cause standing of record, which answer, though defective, presented issues without the trial of which plaintiff was not entitled to judgment. Like considerations apply to the ruling made after judgment on the motion to set the same aside. The judgment and order appealed from should be reversed, with leave to the defendant, and respondent here, to amend his answer if he shall be so advised.

We concur: Haynes, C.; Temple, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, with leave to the defendant, and respondent here, to amend his answer if he shall be so advised.