MABEL HARR, APPELLEE, v. HIGHLAND NOBLES, APPELLANT.

FILED JANUARY 5, 1907. No. 14,601.

Insurance: POLICY: CONSTRUCTION. In case of conflict between the provisions of a life insurance policy and the statements contained in the application for insurance, the provisions of the policy will control.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*W. C. Saul* and *John N. Dryden,* for appellant.

*H. M. Sinclair, contra.* ·

JACKSON, C.

On September 22, 1902, the defendant, a fraternal-beneficial association, issued its benefit certificate covering the

life of George T. Harr, payable in case of death to Mabel Harr, his wife, containing this clause: "This certificate shall be incontestable after two years from the date of this certificate given below, except only for under statement of age." The written application signed by the assured contained this stipulation: "Should my death occur within three years from the date of my initiation into the order, caused by suicide or attempted suicide, whether sane or insane, my benefit certificate issued upon this application shall be null and void." On December 9, 1904, Harr, while temporarily insane, took his own life. He was in good standing at the time of his death. Mabel Harr, the widow and beneficiary, made due proof as required by the laws of the order, and the society refused payment. She thereupon instituted this action in the district court for Buffalo county, where the facts were admitted, and the plaintiff had judgment. The defendant appeals.

The question presented by the appeal is whether the contract of insurance is to be governed and controlled by the stipulation contained in the application for insurance, or by the terms of the certificate itself. If the stipulations in the application are to control, then the beneficiary could not recover, because the contract was one which the parties had a right to make, and the death of the assured, occasioned by suicide, occurred within three years from the date of his initiation. On the other hand, if the provision of the certificate is to govern, then the plaintiff was entitled to recover, because the death of the assured occurred more than two years after the date of the certificate. While the stipulation contained in the application was one which the parties had a right to make, it was also one which the society might waive, and, in our opinion, it did waive that stipulation when it issued its certificate providing that it should be incontestable after two years from the date of the certificate, except only for under statement of age.

One of the provisions of the policy is: "That the application of said member, for which this certificate is issued,

is hereby referred to and made a part hereof." And it is insisted on behalf of the appellant that the stipulation with reference to death by suicide is as much a part of the policy as though it were incorporated into the policy itself.

That construction of the contract, however, would not aid the appellant. We would then have two conflicting provisions in the policy—one that it shall be incontestable after two years, except for misstatement of age, and the other that the policy should be void in case of death by suicide within three years from the date of the certificate —and under a well-settled rule we would be bound to give effect to that provision most favorable to the assured. An instructive case, where the same principle was involved, is that of *Goodwin v. Provident S. L. A. Ass'n*, 97 Ia. 226. It was there held that, in case of conflict between the provisions of a policy and the statements in the application for insurance, the former will control. The stipulations of the policy itself are presumably the last expression of the agreement of the parties and the one most in mind at the time of its execution. It will be adopted, therefore, as the contract of the parties.

It follows that the judgment of the district court was right, and it is recommended that it be affirmed.

ALBERT, C., concurs.

DUFFIE, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.