FRANKFORT BROOM CO. v. WESTERN WAREHOUSE CO.

(Circuit Court of Appeals, Eighth Circuit. October 28, 1912.)

No. 3,655.

1. CONTRACTS (§ 169*)—CONSTRUCTION—ATTENDANT CIRCUMSTANCES.

The court, in construing a contract, may consider it in the light of the attendant circumstances.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 752; Dec. Dig. § 169.*]

2. SALES (§ 7*)—CONTRACTS—WHAT CONSTITUTES.

Plaintiff, a manufacturer of brooms and dealer in broom materials and supplies, offered its contract to defendant, a corporation engaged chiefly in the business of general broomcorn commission and storage, though dealing to some extent in broomcorn on its own account, for 50 cars of broomcorn "at not over $80 per ton, and commission of $5 per ton, f. o. b. cars from place of origin." Defendant accepted the offer, completed by stating the car minimum. At defendant's invitation, plaintiff's manager went to defendant's headquarters to buy broomcorn. During the negotiations a form of contract for the outright purchase from defendant of 50 car loads at market cost, but not exceeding $80 per ton, plus $5 per ton commission, was rejected, and thereafter the offer was prepared and accepted. Held, that the offer and acceptance was not a contract of sale and purchase, but obligated defendant to go into the market and, if possible, buy for plaintiff, at not exceeding $80 per ton, 50 cars of broomcorn at a commission of $5 per ton.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 16, 17; Dec. Dig. § 7.*]

In Error to the Circuit Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action by the Frankfort Broom Company against the Western Warehouse Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

S. B. Amidon, of Wichita, Kan., Robert L. Greene, of Frankfort, Ky., A. C. Van Winkle, of Louisville, Ky., and Jean Madalene, of Wichita, Kan., for plaintiff in error.

J. N. Haymaker and H. C. Sluss, both of Wichita, Kan., for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and McPHERSON, District Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

HOOK, Circuit Judge. This is an action by the Frankfort Broom Company against the Western Warehouse Company for breach of contract. The question upon which the case turns is whether the contract is one of absolute sale and purchase, as the plaintiff claims, or, as claimed by defendant, a mere employment of it to purchase in the market on commission. The trial court turned on the light of the attendant circumstances, as it might do (Merriam v. United States, 107 U. S. 437, 2 Sup. Ct. 536, 27 L. Ed. 531), and held with defendant. The contract, in the form of a written proposition by plaintiff and an acceptance by defendant, is as follows:

"Wichita, Kansas, August 31, 1909.

"Western Warehouse Co., Wichita, Kan.—Gentlemen: We herewith offer you our contract for fifty (50) cars of Oklahoma, sound, good green color broomcorn, self-working, or nearly so, at not over eighty (80) dollars per ton, and commission of five dollars per ton, f. o. b. cars from place of origin. To be in good, dry condition, not damaged or stained, and to be shipped between now and October 15, 1909.

"Very truly yours,            Frankfort Broom Co.,
                                      "By M. Dorn, Mgr.

"Car minimum, 18,000 lbs.

"Accepted Aug. 31, 1909.
        "Western Warehouse Co.
            "Per I. L. Rasmussen Sec'y."

By the latest time for delivery under the contract the market value of the broomcorn had nearly doubled, making an increase for the quantity specified of about $31,000.

Taking the case most strongly for the plaintiff, against whom the trial court decided, the circumstances were as follows: The principal business of defendant, and for which it was incorporated, was that of "general broomcorn commission and storage," though to some extent it dealt in broomcorn on its own account. Its headquarters were at Wichita, Kan. Plaintiff was engaged at Frankfort, Ky., in manufacturing brooms and dealing in broom materials and supplies. At defendant's invitation the manager of plaintiff went to Wichita to buy broomcorn. During his negotiations with defendant's secretary, he tendered him a form of contract for the outright purchase from defendant of 50 car loads at market cost, but not exceeding $80 per ton, plus $5 per ton commission. It was rejected because, as defendant's secretary said, if the cost was less than $80 per ton, the plaintiff would gain; if it was more, the defendant would lose. Plaintiff's manager acquiesced in that view, the secretary then prepared the writing above copied, and it was signed; the manager having added the minimum car contents.

We think the contract is not one of sale and purchase between the parties, but that it means that defendant should go into the market and, if possible, buy for plaintiff at not exceeding $80 per ton, and as compensation it should be paid a commission of $5 per ton; that, on the other hand, the plaintiff was to accept as much as 50 car loads, of at least 18,000 pounds each, on the basis specified. The contract is not in the customary terms of an absolute purchase and sale. Plaintiff's offer was not the ordinary one to buy a commodity, but was an

offer of a "contract." Defendant did not agree in plain language to sell the commodity; on the contrary, it accepted the offer of a contract which expressly provided for a commission, and a commission usually signifies agency. Again, the contract offered was to take the broomcorn "at not over $80 per ton and commission." Why the expression "not over $80 per ton," if plaintiff was to buy at a fixed figure? It signifies a varying price with a maximum limit, and not a fixed one, as ordinarily in an outright purchase. The varying price had relation to the cost to defendant, something of much concern to it, but of none to plaintiff in a sale and purchase at $80 per ton. So at the trial plaintiff's manager did not hold to the $80 per ton and commission as the single, unvarying contract price, but testified that when the contract was made he did not know what it would be; for if defendant succeeded in obtaining the broomcorn at $50 per ton, the contract price, including commission, would be $55; if at $70, then $75 and so on. This, however, was the import of the proposition which defendant had already rejected, because it insured plaintiff against the uncertainties of the market for a mere commission, and plaintiff's manager had acknowledged the fairness of the objection. Obviously the minds of the parties did not meet upon such a contract as is now urged by plaintiff. It may reasonably and consistently with its terms be construed as one of agency on commission.

The judgment is affirmed.