# APRIL TERM, 1923.*

---

## BUSINESS MEN'S ASSURANCE CO. *v.* MARRINER.

1. INSURANCE—ACCIDENT INSURANCE—BURDEN UPON INSURER TO SHOW FALSE STATEMENT IN APPLICATION INJURIOUS — INTENT TO DECEIVE.

   The provisions of Act No. 256, Pub. Acts 1917, pt. 3, chap. 2, subd. 4, § 17, relating to health and accident insurance, and providing that the falsity of any statement in the application should not bar right to recovery unless made with actual intent to deceive or unless it materially affected the risk, puts upon an insurance company seeking to avoid liability on the ground that insured misrepresented his age, the burden of proving not only the falsity of the statement but intent to deceive, or other specified material results injurious to the insurer.

2. SAME—MISREPRESENTATION AS TO AGE NOT CONTROLLING WHERE APPLICANT ELIGIBLE.

   Where the charges and benefits of an accident insurance policy are not affected by the age of the assured, and by its provisions applicants between the ages of 18 and 70 were eligible, and assured was under 70, even if he falsely represented his age to be 57 when in fact he was over 60, that fact would not be controlling of the beneficiary's right to recover.

3. SAME—STATEMENT IN APPLICATION AS TO AGE NOT A WARRANTY.

   Where no direct word of warranty appears in the application, made part of the contract, the assured's representations as to his age is not to be construed as a warranty unless the language of the policy is so clear as to preclude any other construction.

4. SAME—CONTRACTS—CONFLICT—RULE OF CONSTRUCTION.

   Even if the application is considered part of the contract

---

On materiality in insurance policy as to incorrect statement of age, see notes in 1 A. L. R. 459; 14 A. L. R. 926.

The question of when statements may be regarded as representations, although expressly denominated in the policy as warranties, is discussed in notes in 11 L. R. A. (N. S.) 981; 19 L. R. A. (N. S.) 88.

*Continued from Vol. 222.

of insurance, under well recognized rules of construction where there is a conflict the optional standard provision in an accident policy, fixing the age limits as between 18 and 70, must control rather than the limits of 18 to 60 given on the back of the application.

Appeal from Menominee; Flannigan (Richard C.), J. Submitted October 20, 1922. (Docket No. 181.) Decided June 4, 1923. Rehearing denied October 1, 1923.

Bill by the Business Men's Assurance Company of America against Minnie A. Marriner to enjoin an action at law on a policy of insurance. Defendant filed a cross-bill asking for a decree for the amount of the policy. From a decree for defendant, plaintiff appeals. Affirmed.

*Sawyer & Sawyer* (*Solon T. Gilmore,* of counsel), for plaintiff.

*John T. O'Hara* (*Martineau & Martineau,* of counsel), for defendant.

STEERE, J. Plaintiff is an assessment accident insurance company incorporated under the laws of Missouri, and authorized to do business in this State. On September 18, 1918, it issued to Robert G. Marriner of Menominee, Michigan, one of its accident policies known as "Form C" providing indemnity of from $3,000 to $6,000 for death caused by accident and health indemnity from $6 to $15 per week. For this he made the required first payment of $8 including membership fee. On November 21, 1918, he came to his death from traumatic pneumonia shortly following a serious accident. Defendant as beneficiary named in the policy made proof of loss and application for the indemnity provided in the policy, which plaintiff after investigation declined to pay on the ground that in his application for the policy her decedent

falsely stated his age.    She thereupon brought an
action at law in the circuit court of Menominee county,
to recover upon the policy the indemnity specified.

Plaintiff then filed this bill in chancery to restrain
her action at law, alleging as grounds therefor that
in his application for insurance deceased intentionally
understated his age as 57 years when he was in fact
over 60 which exceeded the age limit for that form of
policy, and thereby obtained a policy which plaintiff
would not have issued if truthfully advised of his age,
and could not have legally done so under both the
by-laws of the company and the laws of Missouri
which prohibit the issuance of such policies to persons
past 60 years of age; that he so misrepresented his
age with intent to and did deceive plaintiff in that
particular, and the misrepresentation materially af-
fected the extent of the risk and plaintiff's action in
accepting it.    Defendant answered in denial and,
claiming the benefit of a cross-bill, asked a decree in
her favor for the amount of the policy.    On the hear-
ing an advisory jury was called at defendant's request
to pass upon the questions of fact involved.    At con-
clusion of the testimony plaintiff's counsel moved for
a directed verdict on the ground that the undisputed
evidence showed the insured was more than 60 years
of age when he made his application, and plaintiff
relied upon such misrepresentation in issuing the
policy.    This motion was denied, and the case sub-
mitted to the jury to answer four questions pro-
pounded to them by the court.    In instructing the
jury the court advised them that the proceeding was
a chancery case in which their services were merely
advisory and they were not called upon to return a
general verdict but "to answer certain questions yes
or no," explained to them the nature of the contro-
versy, saying, "And so the issue now is made,
whether or not the doctor was over the age of 60

years when he wrote out and signed the application for insurance," and submitted to them the following questions:

"(1) At his birthday nearest to September 6, 1918, was Robert G. Marriner over sixty years old?

"(2) Did he knowingly misrepresent his age, in the application for insurance?

"(3) If he knowingly misrepresented his age, did he do so with intent to deceive the insurance company regarding his age?

"(4) Did the misrepresentation of his age materially affect the acceptance of the risk by the insurance company?"

Of the first question the court said: "If you answer number one 'No' you need not answer either of the following questions." The jury answered the first question "No," and returned the others unanswered. Having received the jury's advisory verdict the court heard argument of counsel and took the case under advisement. Subsequently an opinion was rendered and decree entered dismissing plaintiff's bill and granting to defendant on her cross-bill a decretal judgment for the amount, with interest, of death loss provided for in the policy.

Deceased was a practicing physician located in Menominee, Michigan. A patient of his who had sustained an injury was receiving benefits under a policy of plaintiff's, and had received a blank application with some papers sent him by plaintiff in that connection. Stating he had no insurance of that kind and thought he would make an application deceased obtained the blank from his patient, sat down at his desk and filled it out, signed and mailed it to plaintiff's address at Kansas City, Missouri, with a remittance of $8, being amount required to cover membership fee and first quarterly assessment under Form C of the company's policies which, according to advertising matter with explanations printed on the

back of the application, provided for at least $3,000 payment in case of accidental death and from $6 to $15 per week health indemnity, parenthetically giving "(Age limit 18 to 60 years)." This printed matter on the back of the application told also of two other forms of policies with larger benefits and higher dues and age limit between 21 and 55 years. Amongst the 30 questions asked in the printed form were the applicant's age, weight, height and date of birth. Deceased gave his age as "57" and date of birth "Dec. 5, 1860."

No witness was produced who knew Dr. Marriner in his childhood or had personal knowledge of his age. One witness knew him when he was married to his first wife, Ida I. Hubley, who came from Illinois, and was told of their marriage by deceased. A certified copy of a marriage license and certificate of marriage with other credentials filed with the clerk of DuPage county, Illinois, showed that deceased Robert G. Marriner was licensed to marry and legally married to Ida I. Hubley at Naperville in that county on April 8, 1880; that he then gave his age at next birthday as 26 years, his occupation a physician and birth place London, England. Defendant, who was his second wife, testified that neither she or he knew his age; that he had no record or papers on the subject and, as she learned from him, he grew up in this country as an orphan, having come to Chicago when a small boy with his parents who died shortly after arriving there.

Plaintiff also produced in evidence three duly verified applications of deceased over his proven signature. In an application for insurance in the Banker's Life Insurance Company of Iowa, made July 28, 1905, he gave the date of his birth as December 5, 1857, and his age at nearest birthday 48. In an application for insurance in the Knights of Maccabees dated De-

cember 20, 1902, he stated his date of birth was December 20, 1857, and age at next birthday 45, and in an application for transfer in that order from class 1 to class 2, dated December 1, 1911, gave his date of birth as December 5, 1857, and age at last birthday 53.

In his opinion the trial court expressed the view that the verdict of the jury was against the weight of evidence but not so overwhelmingly as to demand its vacation in a suit at law, and upon the question more broadly, viewed said in part:

"The policy the plaintiff issued and delivered to Marriner stated: 'The insurance under this policy shall not cover any person under the age of eighteen years nor over the age of seventy years.'

"This clause was placed in the policy, because an age limitation clause is required by 2 Comp. Laws 1915, § 9373, subd. 20. In requiring the insertion of an age limit clause the purpose of the legislature is self-evident.

"The premium rates of the company were not graded according to the age of the applicant. That Marriner was under seventy was not controverted. Whatever the fact may be respecting his true age it was not shown he knew his age positively; or that he knowingly and with intent to deceive, misrepresented his age; or that his age contributed in any way to the accident or to his death. He was given to understand, upon reading the age limitation clause of his policy, that, provided he was under seventy, his age was immaterial. * * *

"It being conceded he was well under seventy, the question of his age is unimportant in the view of the case the court has taken. Regarding his age there was no positive evidence either way. For any claim he knew his age exactly, there is no foundation. * * *

"If Marriner misled the plaintiff by stating his age as 57, the plaintiff misled Marriner by stating in its policy the insurance covered him if he was under seventy. If the plaintiff was correctly informed it would not have issued the policy. If the decedent

was correctly informed he would, it is fair to presume, have procured other insurance."

Just how carefully Marriner consulted the rather elaborate literature on the back of the application he filled out and whether he noticed the parenthetical age limit in question, just what his age actually was. and whether he falsely stated it with intent to deceive are questions determinable if at all by inference. Counsel for plaintiff contend the undisputed circumstantial evidence conclusively establishes their contention upon those issues, and earnestly protest against the following conclusions of the trial court in the realm of facts:

"There was nothing on the application blank, face or back, or in any of the literature of the company shown to have reached his observation, to indicate to Marriner the company was not authorized to, or would not, insure against accident, persons over 60 years old."

The testimony is convincing that Marriner consulted the back of the application to select the form of insurance he took and ascertain the proper amount to remit with his application, and the fact that in his statement of age the span of his years shrunk in proportion to those given in previous applications fairly gives room for the inference that he took note of the age limitation, but with his different statements as to his age and other circumstances shown that fact, we think, falls within the field of debatable inference, rather than a conclusive presumption. But conceding the testimony preponderates to the effect that he was then somewhat over 60 years of age, it is not in itself controlling on the legal questions involved.

Act No. 256, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 9100 [1-334]), revising, consolidating and classifying the insurance laws of this State, was in

force when this policy was issued. Part 3 (§ 9100 [129-221]) relates to life and casualty insurance, and subdivision 4 of chapter 2 of part 3 (§ 9100 [156-167]) deals with health and accident policies. It requires the use of a standard form, to be filed with and approved by the State commissioner of insurance and specifies in detail what the Michigan standard form must and must not provide.

Under the situation shown here the statement made by the insured as to his age may be considered in the light of a representation rather than a warranty. Section 17 of subdivision 4 (§ 9100 [161]) provides:

"The falsity of any statement in the application for any policy covered by this chapter shall not bar the right to recovery thereunder unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."

This puts upon plaintiff not only the burden of proving the falsity of the statement but intent to deceive, or other specified material results injurious to the insurer. This policy is in regular Michigan standard form prescribed for accident insurance. Amongst other things the act (§ 9100 [159]) requires that such policies shall contain an optional standard provision relative to age limits in the following form:

"20. The insurance under this policy shall not cover any person under the age of......years nor over the age of......years. Any premium paid to the insurer for any period not covered by this policy will be returned upon request."

That form appears in the policy and plaintiff exercised its option by making the age limit not less than 18 or over 70 years. In conformity with section 14, subd. 4 (§ 9100 [158]), the policy also provides:

"1. This policy includes the indorsements and attached papers, if any, and contains the entire contract

of insurance, except as it may be modified by the association's classification of risks and premium rates in the event that the insured is injured or contracts sickness after having changed his occupation to one classified by the association as more hazardous than that stated in the policy"—

with other exceptions foreign to this controversy, having no reference to age.

"4. No provision of the charter, constitution, or by-laws of the company, not included herein, shall avoid the policy or be used in any defense of any claim arising hereunder."

As the statute directs, plaintiff attached to the policy it issued to Marriner a photographic copy of his application.   The policy with this attached "contains the entire contract of insurance."   No copy of the literature on the back of the application which contained the parenthetical "Age limit 18 to 60 years" is attached, and no provisions of plaintiff's charter, constitution or by-laws are included in the policy conflicting with the age limit of from 18 to 70 years which it inserted in the optional form.

In this accident policy the charges and benefits are not affected by the age of the insured.   The only age limit stated in it is between 18 and 70 years.   By its terms the policy and attached application of the insured contained the entire contract.   It contained no provision of plaintiff's charter, constitution or by-laws which would avoid the policy, and no such provision not included in it could be used in any defense of any claim arising thereunder.   No direct word of warranty appears in the application made part of the contract and the assured's representation is not to be construed as a warranty unless the language of the policy is so clear as to preclude any other construction. *Spence* v. *Insurance Co.*, 236 Ill. 444 (86 N. E. 104, 19 L. R. A. [N. S.] 88).   Assuming that the matter on the back of the application is a

part of it and proper to here consider as such, there is a conflict in the statement of age limit between the application and the policy in which case, under a well-recognized rule of construction, the latter controls.    Viewing the competent evidence in the light of the provisions of this policy with application attached, which constitutes the entire contract of insurance, we conclude for the reasons stated that the decision of the trial court should not be disturbed.

The decree is therefore affirmed, with costs to defendant.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, and SHARPE, JJ., concurred.    MOORE, J., did not sit.