FRANKLIN K. PEARCE COMPANY, A CORPORATION OF NEW JERSEY, RESPONDENT, v. BEVERLY BEACH, INCORPORATED, A CORPORATION OF NEW JERSEY, APPELLANT.

Submitted February 14, 1930—Decided May 19, 1930.

For the appellant, *Edmund A. Hayes.*

For the respondent, *Meehan & Waltzinger.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This was an action of ejectment in the Supreme Court, Ocean Circuit. The case was tried before Circuit Court Judge Lawrence and a jury. Plaintiff demanded possession of certain land described in the pleadings, and also mesne profits and damages. The jury rendered a verdict for the plaintiff and against the defendant for possession of the premises and for mesne profits and damages; whereupon judgment was duly entered upon the verdict, and defendant appeals to this court from the whole of the judgment and assigns eight grounds of appeal: (1) The trial judge refused the motion on behalf of the defendant to nonsuit the plaintiff at the conclusion of its testimony; (8) Because the said trial judge refused the motion to direct the jury to return a verdict in favor of the defendant and against the plaintiff. The intervening grounds, 2, 3, 4, 5, 6 and 7, concern admission of testimony.

On October 29th, 1907, Isaac H. Tilton conveyed certain premises to the Ocean County National Bank and in the deed therefor reservation was made of the lands lying north of Saw Mill creek. On November 16th, 1923, the Ocean County National Bank conveyed certain of the premises to Lena Hulse, and in addition to the reservation of the land lying north of Saw Mill creek made the following reservation also:

"Reserving Saw Mill Creek and fifty feet of the land in width on the south side of the entire length of said tract."

The defendant, Beverly Beach, Incorporated, on January 31st, 1928, purchased from Lena Hulse a portion of the lands which were acquired by her from the Ocean County National Bank, and afterwards entered thereon. On June 28th, 1926, the Ocean County National Bank conveyed to Walter B. Pearce the premises along the southerly side of Saw Mill creek, fifty feet in width; and on July 11th, 1927, Walter B. Pearce and wife conveyed to Franklin K. Pearce Company,

plaintiff-respondent, the same premises conveyed to Walter B. Pearce by the deed of June 28th, 1926.

At the time the Ocean County National Bank conveyed to Lena Hulse it is said that it did not own any land south of the entire length of the tract described in its deed to her, and, if so, the reservation of the fifty feet would be a legal nullity, if it were to be located as actually described in the reservation; but the plaintiff claimed that the bank intended to reserve fifty feet of land in width on the south side of the entire length of the creek, and which is evidenced by its conveyance of fifty feet along the southerly side of the entire length of Saw Mill creek to Walter B. Pearce, June 28th, 1926, and if so, the diamond-shaped tract being carved out of the parcel, was on the south side of the creek.

So, therefore, the question was as to what was really meant to be reserved, which gave rise to a doubt upon facts not appearing on the face of the deed itself, and required the intervention of the jurors to ascertain and settle just what was intended; and whether the strip of land in question was within that reservation.

The plaintiff company, standing upon its deed of July 11th, 1927, brought this suit to recover possession from defendant, Beverly Beach, Incorporated, grantee of Lena Hulse, of a strip of land in Brick township, Ocean county, described in the complaint and referred to as a diamond-shaped tract containing approximately one-tenth of an acre. If the parties intended to reserve Saw Mill creek (and there is no dispute about that), and fifty feet immediately contiguous to the south following the various meanderings of the creek to its mouth, for a width of fifty feet, then the plaintiff was entitled to recover possession of the diamond-shaped piece containing approximately one-tenth of an acre, which admittedly was a part of the reserved strip. And the jury so found.

A question of law remains, was there an ambiguity in the deed; and if there were, and it was patent, that is, arose upon the face of the instrument, it would be for the court to construe it and ascertain its meaning; and if it were latent, that is, not appearing on the face of the deed, but existing

irrespective thereof, it would require evidence *aliunde* to locate and describe, and thus explain the language of the deed.

A patent ambiguity is that which appears on the face of an instrument, and occurs when the expression thereof is so defective that a court, which is obliged to place a construction upon it, cannot, placing itself in the situation of the parties, ascertain therefrom their intention. *Bouv. Dict.* (*Rawles'* 3d rev. ), *p.* 186. Latent ambiguities are subjects for the consideration of a jury and may be explained by parol evidence. *Ibid.*

A question of construction is a pure question of law to be decided by the court upon the terms of the instrument itself, to the exclusion of evidence *aliunde,* where no latent ambiguity exists; but a question of the location, or the application of a grant to its proper subject-matter, is a question of fact to be determined by the jury by the aid of extrinsic evidence, and arises in the case of a latent ambiguity.

That the tract in question, described in the complaint, could not be located without the finding of the jury upon the evidence admitted in the cause, thus raising a question of practical location, which bespeaks a latent ambiguity, and is always for the jury, is perfectly apparent. It was so held by the learned trial judge who submitted the case to the jury upon that theory. See *Hand* v. *Hoffman,* 8 *N. J. L.* 71; *Den* v. *Cubberly,* 12 *Id.* 308; *Horner* v. *Stillwell,* 35 *Id.* 307; *Spottiswoode* v. *Morris and Essex Railroad Co.,* 61 *Id.* 322, 339; *Bruce* v. *Bruce,* 90 *N. J. Eq.* 118.

The defendant-appellant contends that if any ambiguity existed it was subject to construction under the rule of law relating to patent ambiguity. But this we deem to be *non sequitur.* The case is clearly with the plaintiff on this head. Therefore, the refusal of the learned trial judge to nonsuit the plaintiff and afterwards to direct a verdict for the defendant, was proper. This leaves for consideration and decision only the question of evidence admitted for the plaintiff.

The brief submitted for the defendant-appellant objects to the testimony only as it went to the value of the premises, saying that it was that of Walter B. Pearce and A. O. S.

Havens found in certain parts of the transcript. As to the witness Pearce there is no objection to his testimony or any ruling thereon, which precludes any review on appeal. *Kargman* v. *Carlo*, 85 *N. J. L.* 632. As to Mr. Havens, when he was called as a witness the defense admitted his qualifications as an expert real estate operator, and he was asked if he had any negotiations that would tend to show the value of the strip in question, whereupon counsel for the defendant objected and the court overruled the objection and granted an exception. And he then gave testimony as to value, which he had a right to do owing to the fact that his qualifications were admitted by the side which now objects to his competency. Besides, evidence of value was pertinent because upon the value of the property, to some extent at least, depended the question of mesne profits and damages.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.