28   435<br>112  623

BEALLE vs. DAY.

1. A plaintiff amended his declaration by substituting another person for himself. This amendment was struck out, on the objection of the defendant.
*Held*, that the effect was to restore the case to its first condition, and therefore was to make him become the plaintiff again.

2. An argument drawn from matter not contained in the record, must be disregarded.

3. To a *scire facias* to make a party plaintiff, the defendant pleaded a retraxit by the previous plaintiff, and a "settlement" with the previ-

Bealle vs. Day.

ous plaintiff. The Court declined to divide these pleas, but saved them for a defence to the defendant on the trial of the action.

*Held,* that this action ought not to be disturbed.

Scire Facias, to make parties. In Richmond Superior Court. Decision by Judge HOLT, at November Term, 1858.

The facts of this case are as follows:

Oswell E. Cashin, appointed administrator of Gazaway F. M. Bealle, deceased, as and while Clerk of the Superior Court of Richmond county, instituted his action of trover against Charles T. Bealle, for the recovery of three negroes, returnable to June term, 1853, of Richmond Superior Court. Afterwards, at June term, 1856, Benjamin F. Hall, having succeeded Cashin in office, applied for and obtained letters of administration *de bonis non* on the estate of said Gazaway, and, on motion of counsel for plaintiff, the declaration was amended by making Hall a party plaintiff in said action, in the place and stead of Cashin. Subsequently the Court of Ordinary of Richmond county revoked the letters of administration both of Cashin and Hall, and, upon application therefor, appointed Richard H. P. Day administrator *de bonis non* on said estate ; whereupon Day sued out Scire Facias, calling on defendant to shew cause why he, as administrator *de bonis non* of Gazaway F. M. Bealle, deceased, should not be made a party plaintiff in said cause, in lieu and stead of Oswell E. Cashin. Defendant appeared by counsel and shewed for cause—

1st. That there was no such record as that set forth in the *Scire facias.*

2d. That the plaintiff in the original suit, Cashin, came into Court, and voluntarily retracted his action, prior to the issuing of said *Scire facias.*

3d. Prior to said retraxit, the parties to the original suit met and agreed upon a settlement thereof, and then

Bealle vs. Day.

and there did settle the case, and the plaintiff expressed himself as satisfied. And

4th. That the said Cashin had not been removed from the administration of the estate of the deceased, and that Richard H. P. Day was not such administrator as he alleges himself to be.

After argument, the Court held and decided that the first and fourth grounds in the answer were insufficient, and ordered parties to be made, reserving to the defendant the right, upon the trial of the cause, of insisting upon the matters of defence contained in the second and third grounds.

To which decision and judgment counsel for defendant excepts, and assigns the same as error.

MILLERS & JACKSON, J. C. & G. SNEAD, E. STARNES, for plaintiff in error.

T. CONE, *contra.*

*By the Court.*—BENNING, J., delivering the opinion.

The Court below overruled the first and fourth pleas, and postponed the second and third, to the trial of the case. Was this decision right?

The first plea was: "That there was no such record as that set forth in said *scire facias.*"

(1.) The record "set forth" in the *Sci. fa.*, was the record of a case in which Oswell E. Cashin, as administrator of Gazaway P. M. Bealle was the plaintiff, and Charles T. Bealle was the defendant. It was argued that Cashin, some time before the issuing of the *Sci. fa.*, "on motion of his own counsel, had retired from the case," and that one Hall had, thereupon, been made a party in his place. But what the record shows is, that Cashin "amended the declaration in said case, by making" "Hall a party plaintiff therein," in his place; and, that this amendment was

excepted to; and, that the exception was sustained by the Court. The amendment, then, being nullified, the case stood as it did before the amendment was made, and it stood, before that was made, as a case in favor of Cashin, adm'r of Bealle vs. Bealle.

There *was*, then, such a record as that set forth in the *Sci. fa.*, viz : a record in which Cashin was the plaintiff. This first plea was, therefore, not true, and, consequently, the judgment overruling it was right.

The fourth plea was, that Cashin had not been removed from the administration of the estate of Bealle, and that Day was not administrator of that estate.

The argument urged against the judgment overruling this plea was stated in these words: "The evidence, if plaintiff had been required, or defendant had been permitted to produce any, would have been the judgment of the Court of Ordinary, revoking and annulling the administration of Cashin, because he had never given any bond as administrator. His administration was, therefore, void." But there are no facts in the record for this argument to rest on. There is nothing in this record to show that the plaintiff ever offered in evidence the judgment referred to in the argument; nothing in the record to show that any such judgment exists. We, therefore, cannot yield to the argument. But, indeed, we are not ready to say that we should yield to this argument if it did appear that this judgment exists.

We merely say, however, that, with "the lights before us," we are not able to see any error in the judgment overruling this, the fourth plea.

The Court made no decision on the second and third pleas. It refused to make any decision on them, but saved to Bealle the right to insist on the matters contained in them, on the trial of the case. And where there is no decision, there can be no case for this Court. The words of the act organizing the Court are: "All causes

·of a criminal or civil nature may, for alleged error, in any decision, sentence, judgment or decree, be carried up," &c." Cobb, 448.

But, indeed, the matters of these pleas are very proper, as a defence to the action, and we can see little reason why the defendant in the action should not be content to avail himself of them in his defence to the action. And is it by any means clear that such matters as these are pleadable to a *scire facias*" to make parties? If so, are not failure of consideration, *non est factum*, payment, the statute of limitations, every defensive matter, equally pleadable?

(3.) Upon the whole, we decline to interfere with the action of the Court on the second and third pleas.

Judgment affirmed.