WAPELLO STATE SAVINGS BANK, Appellant, v. WILL H. COLTON, HILTON M. LETTS ET AL.

**Supplemental pleadings.** Facts not material to any issue affecting the remedy are not appropriate to a supplemental pleading, under the provision of Code section 3641, relating to supplemental pleadings.

Same: BONDS: ACTION UPON: MOTION TO STRIKE: WHEN CONCLUSIVE.
2 A motion to strike allegations involving a right of recovery is equivalent of a demurrer, and when sustained and the party fails to plead over the right to litigate matters involved therein on the same state of facts is effectually disposed of. As where, in a suit on a cashier's bond, the plaintiff bank set out copies of its minutes, alleging that the same were the acts of its trustees, which the court held to show that the bank had converted the cashiers tenure of office from one at pleasure to one for a fixed time, and on motion struck from the petition all claims for defalcations occurring subsequent to the expiration of such time, the bank could not, on affirmance of the ruling, by a substituted petition contend that the minutes of the trustees did not show a limitation of the cashier's term, and that his bond was therefore liable for such items. And this is especially true, when a stay of proceedings was ordered, pending the appeal on an application representing that if the trial courts ruling was sustained, no trial of the issues of fact involved would be necessary.

Pleadings: EFFECT OF MOTION TO STRIKE SUPPLEMENTAL PLEADING.
3 When a supplemental pleading is stricken from the files the former pleading is restored and continues effective, and an appeal from an order striking the same does not suspend the trial of the issues joined in the original pleadings.

Judgments: AFFIRMANCE BY OPERATION OF LAW. Where the members
4 of the court are equally divided on question, the judgment of the trial court is affirmed by operation of law.

*Appeal from Louisa District Court.*—HON. W. S. WITHROW and JAMES D. SMYTH, Judges.

FRIDAY, JULY 2, 1909.

ACTION on a bond executed by the cashier of a bank. The original petition at law was filed March 13, 1905. An amended and substituted petition was filed January 17, 1906. A motion to strike the last twenty-five items of this was filed on the following day, and sustained. From this ruling the plaintiff appealed, and the order was affirmed by the Supreme Court February 5, 1907. On the 3d day of September following plaintiff filed an amended and supplemental petition in equity, and on motion of defend-

ants ₜthis was stricken from the files. From this order plaintiff appeals. On November 9, 1907, the defendants moved for judgment, and it was entered accordingly. From this plaintiff also appeals.—*Affirmed.*

*H. O. Weaver* and *Poor & Poor,* for appellant.

*C. A. Carpenter* and *Arthur Springer,* for appellees.

LADD, J.—The amended and substituted petition was at law, and set out in *haec verba* the minutes of the proceedings of the board of directors of the bank insofar as these related to the employment of the cashier. On the former appeal the cashier was held to have been elected originally for an indefinite period, but that the minutes of the board of directors of January 6, 1897, reciting that defendant Colton "and E. G. Heins be employed for the next year as cashier and clerk, respectively, for the total sum of $1,200, to be divided between them," indicated the election of the cashier for a new term, "with a fixed limitation of time, and beyond the limitation of that appointment the original bond could be of no force and effect." The minutes of the board dated April 7, 1896, read: "It was moved and seconded that W. H. Colton be employed as cashier for the remainder of the year at a salary of $60 per month." But the effect of this was not determined. *Wapello State Bank v. Colton,* 133 Iowa, 147. To meet the ruling striking the last twenty-five items of defalcation from the petition the plaintiff, upon remand to the district court, filed "an amended and supplemental petition in equity," in which, with reference to the minutes first mentioned, it was alleged that "on the 6th of January, 1897, the subject of the compensation of W. H. Colton, then acting as cashier, and E. G. Heins, then acting as clerk, for plaintiff, being under consideration, it was verbally agreed by and between plaintiff's trustees and said parties

that they be paid the sum of $1,200 for their services as cashier and clerk, respectively, for the ensuing year, but it was not then, or at any time prior to November 26, 1904, agreed or intended that said Colton's then existing right to be cashier during the pleasure of the board should terminate at any time, or be in any wise affected by the said agreement respecting his salary. The said Colton undertook to record the action so taken by said trustees as part of the minutes of their proceedings, but the record so made by him was as follows, viz.: 'Moved that Will H. Colton and E. G. Heins be employed for the next year as cashier and clerk, respectively, for the total sum of twelve hundred ($1,200.00) dollars to be divided between them. Carried.' The said Colton and the said trustees then and at all times afterward until subsequent to the commencement of this suit mistakenly understood and believed that the record so made related solely to the salaries to be paid for the period mentioned, and that it did not relate to, or in any wise affect, the terms of the election or appointment of said Colton on August 9, 1892, to serve until he should resign or be discharged."

Similar allegations were made with respect to the minutes of April 7, 1896, and it was farther alleged that no new term was ever agreed upon, new bond exacted, nor did the cashier qualify anew, but that, notwithstanding this, defendants are contending that the employment for an indefinite term was shown to have been terminated by the above minutes, and that "no evidence to the contrary is legally admissible." A schedule of items said to have been misappropriated by the cashier, together with a copy of the bond, was attached to this petition, and in an amendment thereto it was averred that plaintiff and Colton treated the minutes as written contracts, and their agreements were evidenced in no other writing; that the plaintiff contended that the minutes did not indicate the termination of the indefinite term for which the bond was

given on the advice of counsel in good faith, and prosecuted the litigation promptly. The prayer was that the minutes be reformed by amending them so as merely to fix the salary of the cashier, for an accounting, and for judgment for such sum as might be found to be due. The defendants moved to strike the amended and supplemental petition on five grounds: (1) That no facts are alleged which have come to plaintiff's knowledge since the amended and substituted petition was filed; (2) that the construction of the minutes as entered by this court on the former appeal is the law of the case; (3) that all matters, save the first fourteen items of defalcation, have been adjudicated; (4) that no equitable issue is pleaded; and (5) laches and estoppel. The motion was sustained. The three grounds first mentioned may be considered in the order mentioned:

I. The only matters transpiring since the filing of the amended and substituted petition were those excusing delay in setting up the facts peculiar to the amended and

1. SUPPLEMENTAL PLEADINGS. supplemental petition. These were not material to any issue affecting the remedy, and were not appropriate to a supplemental pleading. Section 3641, Code; *Leach v. Germania Bldg. Ass'n,* 102 Iowa, 125; *Foote v. Burlington Gas Co.,* 103 Iowa, 576; *Little v. Pottawattamie County,* 127 Iowa, 376.

II. The ruling of the court on the former appeal undoubtedly is the law of the case. It was based on a motion, but as this was directed to the right of recovery

2. SAME: bonds: action upon: motion to strike: when conclusive. on the allegations concerning the last twenty-five items of defalcation, it was treated as a demurrer. Appellees do not question the rule that to constitute an adjudication there must have been a final judgment on the merits. See *Woodward v. Jackson,* 85 Iowa, 432. Their contention is that such a hearing may be had on motion or demurrer, and this, as said, is true as to specific facts involved. The effect of either motion or demurrer is to

admit the truth of the allegations in the pleading assailed, but to deny their efficacy as justifying the relief prayed. Whether the ruling thereon is such an adjudication as will be binding on the parties in the same or in a subsequent action necessarily depends on the circumstances of each particular case. A decision thereon determines no more than that such exception is or is not well taken. A demurrer may be interposed to any of several causes of action alleged in the petition, and the consequences of a ruling thereon are definitely stated in section 3565 of the Code: "The opposite party shall be deemed to join in a demurrer whenever he shall not amend the pleading to which it is addressed. Upon a demurrer being overruled, the party demurring may answer or reply. Upon a decision of a demurrer, if the adverse party fail to amend or plead over, the same consequences shall ensue as though a verdict had passed against the plaintiff or the defendant had made default, as the case may be." A demurrer is but a legal exception to the sufficiency of a pleading. *Nollon v. Railway,* 10 How. Prac. (N. Y.) 97. So that, when the petition was held insufficient as to the twenty-five items, and plaintiff failed to plead over, judgment of dismissal might have been entered as to counts based thereon. *Plummer v. Roads,* 4 Iowa, 587; *Tyler v. Langworthy,* 37 Iowa, 555. And this might have been pleaded in bar to another action based on substantially the same facts. *Coffin v. Knott,* 2 G. Greene (Iowa), 582. Not so, however, where relief is demanded on a different state of facts. The distinction is illustrated by *Keater v. Hock,* 11 Iowa, 236, and 16 Iowa, 23. Both actions were against the indorsers on a promissory note. In the first, suit against the makers was alleged, and, also, failure to collect and demurrer to the petition having been sustained, judgment of dismissal was entered. In the latter, demand on the maker and notice to the indorsers were alleged, and, owing to the difference in the averments, the judgment in

the earlier action was adjudged not good as a plea in bar. In short, judgment rendered on demurrer is as conclusive as to the material facts confessed by the demurrer as though put in issue and established by a verdict, but not as to other issues raised by a new pleading after the decision on the demurrer.

In 23 Cyc. 1152, the law on the subject is concisely stated by Mr. Black:

A judgment rendered on a demurrer is equally conclusive, by way of estoppel of facts confessed by the demurrer, as would be a verdict, and judgment on demurrer finding the same facts. But a judgment on demurrer, based merely on formal or technical defects, and raising only a question of pleading, is no bar to a second action for the same cause. And where the ground of the demurrer is the omission of a material allegation from plaintiff's pleading, a judgment sustaining the demurrer will not prevent the maintenance of a new suit on the same cause of action, in which the declaration or complaint supplies the missing averment. On the other hand, a judgment on a demurrer which goes to the merits, raising a question of substance, and not merely one of form, and disposing of the whole cause of action, is a complete bar to a subsequent suit on the same claim or demand.

In the case at bar the motion which was treated as a demurrer went to the merits. The amended and substituted petition alleged "the acts of the board, indicating its desire that he (Colton) continue to hold said office as cashier, are as follows," and then set out copies of entries of the minutes in the record of plaintiff in eleven paragraphs. The next paragraph alleged that "the foregoing acts and proceedings were duly recorded in writing in the minutes of proceedings of said board by said cashier, and the foregoing are true copies thereof." The motion to strike the last twenty-five items was based on the contention that the acts of the board as recited had defi-

nitely converted Colton's tenure of office from one at pleasure to one for a year, and therefore that his bond was not holden after the expiration of that time. In the amended and supplemental petition it was averred, in effect, that the acts were not as formerly recited, and that the board did not, on January 7, 1897, or at any other time prior to November 26, 1904, agree that Colton's right to the office should be terminated or affected by what was then done; that is, in the former pleading the minutes of the board of trustees were alleged to be the acts of the trustees, and after the courts have taken the pleader at his word, and declared that one of these acts terminated the term of the cashier, otherwise continuing at the pleasure of the board, the plaintiff, in an amended and supplemental petition filed after remand to the district court, says that the act formerly alleged was not the act of the board of trustees and Colton, but they had agreed exactly to the contrary, and fixed no specified term of service, and the minutes formerly alleged to be the acts of the board were not such, but should be reformed. It is very plain that, had judgment of dismissal been entered upon the ruling on the motion, another action could not have been prosecuted for recovery on the items on the grounds alleged in the amended and supplemental petition. Having alleged precisely what the board of trustees had done, plaintiff would not have been heard to assert, in praying recovery on the same grounds, that it had not done as alleged in the amended and substituted petition. A suiter will not be permitted to experiment with the court in that way. He can not first blow hot, and, if that does not succeed, try conclusions on blowing cold. *City of Sioux City v. Ry.,* 129 Iowa, 694; *Chicago, M. & St. P. Ry. Co. v. Hemmenway,* 134 Iowa, 523; *Zelasky v. Ins. Co.,* 114 Iowa, 516. Or as put by Lord Kenyon: "A man shall not be permitted to blow hot and cold with reference to the same transaction, or insist at different times on the truth of each of two conflict-

ing allegations, according to the promptings of his private interests." *State v. Board of Com'rs,* 166 Ind. 162, 209 (76 N. E. 986).

Nor do we think it material, in this case, that judgment of dismissal as to the twenty-five items was not formally entered. They had been stricken from the amended and substituted petition, and were as completely out of the case as though a formal judgment of dismissal had been entered. *Guthrie v. Howland,* 164 Ind. 214 (73 N. E. 259). In affirming this order it was adjudged by this court that these items had been rightfully eliminated from the issues in this case. Had the motion to strike been overruled, and that order reversed, the situation would have been entirely different, for in that event the plaintiff, on remand, might very properly have elected to amend its pleading. But in appealing therefrom it elected not to amend, but to stand on the ruling. After having done so, it is not in a situation to repent its election, and pray to amend by contradicting the acts alleged in the pleading adjudged by both courts to be insufficient to justify recovery. Especially is this true where, as in this case, the appellant procures an order staying proceedings in the district court on an application representing that, if the ruling is affirmed, and their contention as to the law sustained, "no trial of the issues of fact in this case will ever be necessary." After having obtained the postponement of the trial of the remaining issues for more than a year it is not in a situation to repudiate the allegations upon which this was done. *Heaton v. Lea,* 143 Iowa, 21.

Our conclusion is not obviated by the circumstance that able counsel advised plaintiff to take the course it did. It had the right to "burn all bridges behind," and rely solely on counsel's construction of the minutes; but, after pursuing such course, and procuring a stay on the representation that, should the ruling of the district court be approved, no trial of the claim involved in the ruling would

be sought, it ought not to be permitted, upon defeat, to repudiate it's representations, and demand relief upon a state of facts contradictory to those alleged as construed by this court. Had the trial proceeded on the remaining issues in the district court, and judgment been entered, no one would contend that the pleading stricken properly could have been filed, and yet, in view of the record as made, the plaintiff is in no better position than it would have been had this been done, for it procured a stay upon the representation that upon affirmance the decision would be final. So the trial court was not in error in treating the ruling as to the twenty-five items as final, for all right to plead over had been waived. At the most, permission to file the pleading, as it had been filed without leave, was discretionary, and there was no abuse of discretion under the circumstances in striking it from the files.

III. Upon remand to the district court, trial notice was filed, and upon the entry of the order by which the amended and supplemental petition was stricken, leave was not granted to plead farther. Some days later, and after an appeal from such order had been perfected, defendants moved for judgment dismissing the cause, and for costs, on the grounds, in substance: (1) That no pleading of plaintiff was on file tendering an issue; (2) because the pleading stricken was intended to, and did, supersede others on file, and plaintiff had failed to plead farther, the appeal from order striking the pleading not having stayed proceedings. And, after reciting the filing and rulings in the case, there was added: "And defendants now by this motion call this case for final disposition, and if plaintiff still insists that there is anything left in the case to try not involved in the last appeal, the defendants are ready and willing to try the same." This motion was sustained. It may be that it was intended that the amended and supplemental petition should supersede what was left of the

*3. PLEADINGS: effect of motion to strike supplemental pleading.*

amended and substituted petition, but, by striking it from the files, this was not allowed, and the former pleading was restored and continued effective. *Hill v. Jamison,* 16 Ind. 125 (79 Am. Dec. 414); *Spooner v. Cady,* 101 Cal, 18 (36 Pac. 104); *Bealle v. Day,* 28 Ga. 435. Proceedings thereon had not been stayed by the appeal or otherwise. The appeal was from the order striking the amended and supplemental pleading. That order was self-executing. *Allen v. Church,* 101 Iowa, 116. Jurisdiction was lost by the trial court, and acquired by the Supreme Court, with respect to such order and pleading only. The pleadings as they stood before it was filed were restored when it was stricken, and in no way affected by the appeal, and as to these, and issues raised thereby, the district court retained jurisdiction, and might have proceeded with the trial. *First Nat. Bank v. Dutcher,* 128 Iowa, 413; *Barnum v. Barnum,* 42 Md. 251; 2 Cyc. 969. The causes of action presented in the amended and substituted petition, based on the first fourteen items of defalcation, as was alleged, on which issue had been joined by answer, were pending and appropriate for trial.

Whether it is to be presumed, in support of the ruling of the trial court, that plaintiff was afforded an opportunity to proceed to trial, and because of its failure or

4. JUDGMENTS: affirmance by operation of law.

refusal the action was dismissed, or the court on such a motion must have denied the application to dismiss, and assigned the cause for trial, without entered judgment of dismissal, the members of the court are unable to agree.

Being equally divided, the judgment of dismissal is affirmed by operation of law.—*Affirmed.*