On motion to dismiss filed July 5, allowed July 19, 1921.

# HUBBARD ET Ux. *v.* OLSEN-ROE TRANSFER COMPANY.

(199 Pac. 187.)

**Appeal and Error—Order Sustaining Demurrers and Striking Parts of Answer not Appealable.**

1. Under Section 548, Or. L., authorizing appeals from orders which affect a substantial right and in effect determine the action or suit so as to prevent a judgment or decree, an order, sustaining demurrers to separate answers and striking parts of another separate answer, is not appealable, where issues remain to be determined before the rendition of a final judgment, especially in view of Section 558, authorizing the review of intermediate orders on appeal from the final judgment.

From Multnomah: J. P. KAVANAUGH, Judge.

In Banc.

Alleging the corporate character of the defendant, the complaint narrates the receipt by the defendant of some household goods belonging to the plaintiffs, for storage and safekeeping, in consideration of certain charges to be paid by the plaintiffs. The complaint avers specified negligent acts of the defendant and the value and damage of the goods, and demands judgment. All of the complaint is denied except that the defendant admits it received certain old secondhand goods belonging to the plaintiffs, for crating,

packing and hauling. It thus appears that the general issue was pleaded to important parts of the initiatory pleading.

For a first separate answer the defendant alleged its own corporate existence, and stated that it operates its business in a leased building having a stand-pipe connected with the city fire mains, with no drain cock but in control of the owners of the building; that defendant was employed to haul, crate and pack the goods and to load them into a railroad car to be furnished by the plaintiffs; and that the plaintiffs did not furnish the car for some time, but left the goods in defendant's warehouse until January 3, 1920, when defendant loaded them into a car then supplied by the plaintiffs. It is also averred that this storage was gratuitous; that on December 19, 1919, the stand-pipe burst, and if the goods were damaged, the same was caused by an act of God, and, so far as this defendant is concerned, by unavoidable accident, without negligence on its part. It is said also in conclusion in the first separate answer that the defendant took good care of the chattels and that the plaintiffs knew they were stored at the owners' risk. Parts of this first separate answer were stricken out, but considerable issuable new matter remains.

The second further and separate answer was in substance that the damage did not occur to the goods while in defendant's custody, and that they were delivered to plaintiffs in as good a condition as when received by the defendant. A general demurrer to this second separate answer was sustained.

A third separate answer charges that the damage was due to the negligence of the owners of the building, in violation of a city ordinance regulating the condition and maintenance of stand-pipes. The court

sustained a demurrer to this answer as well, and in the order sustaining the demurrers and striking out parts of the answer mentioned, the defendant was given time to file an amended answer. At this stage of the proceedings the defendant appealed to this court from the order mentioned. The plaintiffs now move to dismiss the appeal.    ALLOWED.

*Messrs. Wilson & Guthrie, Mr. Robert R. Rankin* and *Mr. Cicero F. Hogan,* for the motion.

*Messrs. Richards & Richards, contra.*

BURNETT, C. J.—Respecting appeals, Section 548, Or. L., reads thus:

"A judgment or decree may be reviewed as prescribed in this chapter, and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein, or an interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition, or a final order affecting a substantial right, and made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial, for the purpose of being reviewed, shall be deemed a judgment or decree."

According to this section, an order to be appealable must not only affect a substantial right but it must also in effect determine the action or suit, so as to prevent a judgment or decree therein. The instant case has nothing to do with partition of real property, with any order made after a judgment or decree, or yet with an order setting aside a judgment and granting a new trial. Appeals are statutory in their nature. The judgment to be appealable must be substantially a final disposition of the action. It cannot be,

under our statute, that the instant a litigant becomes aggrieved at a decision of the trial court he can appeal to this court. It would lead to endless litigation, and rights of the parties would be decided by piecemeal, not only in the trial court but in the appellate court. We do not decide here whether the order complained of was right or wrong. Although the answer of the defendant has been pruned a great deal, yet there are issues to be determined by the trial court before the rendition of a final judgment in the action. It may be that on the issues remaining the defendant may prevail, so that it will have no need of an appeal. On the other hand, if final judgment shall be adverse to the defendant, it can appeal from that decision, and ''upon an appeal, the appellate court may review any intermediate order involving the merits, or necessarily affecting the judgment or decree appealed from; and when it reverses or modifies such judgment or decree, may direct complete restitution of all property and rights lost thereby'': Section 558, Or. L.

All of the questions presented by the record here are interlocutory thus far and should be reserved until a final order which is conclusive of the entire case and from which an appeal will lie. On such an appeal we can review all of the mistakes made by the trial court, and either affirm, reverse or modify its decision. As there is no final appealable order presented for our consideration, the instant appeal must be dismissed.

MOTION ALLOWED.   APPEAL DISMISSED.