## VAN-VLEET MANSFIELD DRUG CO. v. SPRADLIN et al. (No. 149.)

(Court of Civil Appeals of Texas. Waco. Jan. 22, 1925.)

Appeal and error ⊚⟹79(I)—Judgment not disposing of all parties and issues held not final, and appeal therefrom would be dismissed; "final judgment."

Judgment dismissing cause as to certain defendants, but not in any way disposing of controversy between plaintiff and principal defendant, and not disposing of cause of action as a whole, held not a "final judgment" within Rev. St. art. 1997, and appeal therefrom will be dismissed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

Error from Kaufman County Court; W. P. Williams, Judge.

Action by the Van-Vleet Mansfield Drug Company against W. R. Spradlin and others. From a judgment of dismissal as to defendants other than Spradlin, plaintiff brings error. Appeal dismissed.

Wynne & Wynne, of Kaufman, for plaintiff in error.

Terry & Brown, of Kaufman, for defendants in error.

BARCUS, J. Plaintiff in error instituted this suit against W. R. Spradlin and the partnership of Rand & Richmond, a firm composed of B. T. Rand and Claude Richmond, seeking to recover· judgment for the value of certain goods, wares, and merchan-

dise which plaintiff in error sold to defendant in error W. R. Spradlin, and which it alleged were by Spradlin sold to B. T. Rand and Claude Richmond. Defendants in error Rand & Richmond filed a plea in abatement, claiming there was a misjoinder of parties defendant. They also filed a general ·demurrer, general denial, and other special defenses not necessary to state.

·The trial court entered judgment sustaining the general demurrer and special exceptions of the defendants Rand & Richmond, and dismissed the cause as to said defendants. It is from this judgment that plaintiff in error has appealed.

The judgment sustains the exceptions of the defendants Rand & Richmond, and dismisses the cause as to them, but does not in any way dispose of the controversy between plaintiff and the defendant Spradlin, and does not dispose of the cause of action as a whole. Article 1997 of the Revised Statutes provides that "only one final judgment shall be rendered in any cause, except where it is otherwise specially provided by law." Since the judgment of the ·trial court did not dispose of all parties and issues, there is no final judgment. Willis v. Keator (Tex. Civ. App.) 181 S. W. 556.

There being no final judgment in the trial court, this court is without jurisdiction, and the· appeal is dismissed. Wichita Mill & Elevator Co. v. Burrus (Tex. Civ. App.) 164 S. W. 16.