Argued June 23; appeal dismissed November 22, 1932; argued on
rehearing January 6; former opinion adhered to
January 17, 1933

## ABRAHAMSON ET AL. *v.* NORTHWESTERN
## PULP & PAPER CO. ET AL.
### (15 P. (2d) 472, 17 P. (2d) 1117)

*A. G. Beattie,* of Oregon City (Burr Tatro, of Oregon City, on the brief), for appellants.

*Jay Bowerman,* of Portland, for respondent Amadee M. Smith.

*A. C. Fulton,* of Astoria, for respondents Frank Patton and G. Clyde Fulton.

*J. O. Stearns, Jr.,* of Portland (Griffith, Peck & Coke, of Portland, on the brief), for respondent B. T. McBain.

*Alfred P. Dobson,* of Portland, for respondent Robert T. Jacobs.

*Roy F. Shields,* of Portland, for respondent Charles W. Miller.

BROWN, J. In this case more than one hundred and twenty-five plaintiffs filed suit against the Northwestern Pulp & Paper Company, an Oregon corporation, and certain of its directors, for the recovery of money on account of the alleged fraudulent sale of stock by that corporation to plaintiffs. The amended complaint alleges, in substance, that, in order to induce the plaintiffs and the public at large to purchase the stock, the defendants caused to be circulated among prospective purchasers of the stock throughout the state of Oregon a prospectus which contained false and fraudulent representations, among them the following, against which the plaintiffs' complaint is chiefly directed:

"The purpose of this issue is to furnish the working capital, as the entire major financing for the construction of the pulp mills, utility mills and by-products plant has been completed and contracted for by Eastern financiers."

The plaintiffs averred that this representation was wholly false and known to be false by all of the defendants, for the reason that, in truth and in fact, no contract had been entered into by the defendants with Eastern financiers for the major financing of the mills mentioned therein. They alleged that the defendant corporation had sold over two hundred thousand dollars worth of stock and collected over two hundred thousand dollars from stock subscriptions, which money was expended, but that the mills were never built. They further alleged that upon discovering the fraud they made demand upon the defendants for the return of the moneys paid by them, which demand was disregarded by the defendants. The plaintiffs tendered into court the stock so issued to them, and prayed for an accounting as to the amount due to them, for a judgment for $89,675, i. e., the amount involved in the suit, and asked "that the court appoint a receiver to collect said judgment and distribute the money collected thereon to plaintiffs in accord with their respective pro rata interests therein."

The purchases of the several plaintiffs were made on different dates, in varying amounts, but on the same form of contract. Attached to the amended complaint is an exhibit designated Exhibit C, which sets out the amount of money paid for stock by each individual plaintiff, and indicates the character of the stock and the number of the stock certificate representing the stock purchased by each.

Defendants Herman Kolberg, Northwestern Pulp & Paper Company, Robert T. Jacobs, Charles W. Miller and B. T. McBain, all answered separately and denied generally except as to certain admissions of formal matter. Defendants Frank Patton, G. Clyde Fulton and Amadee M. Smith moved to strike plaintiff's amended complaint, on the ground that it alleged more than one cause of suit not separately stated. The motion to strike was granted, and the plaintiffs were allowed up to and including September 21, 1931, in which to file a second amended complaint, but they elected to stand on the first and appeal to this court.

██ On their appeal the plaintiffs assign error of the court in striking out their amended complaint, and particularly in striking that pleading as to defendants that had answered.

It is asserted by certain of the defendants that the plaintiffs' appeal is premature and should be dismissed for the alleged reason that no appealable order has been entered. They contend that the order of the court striking out the plaintiffs' complaint and allowing them to amend is not a final order and therefore not appealable.

If the order of the trial court is not appealable, this court is without jurisdiction to determine the cause upon the merits. It therefore becomes necessary first to determine when an order is appealable. In this connection we direct attention to section 7-501, Oregon Code 1930, which reads:

"A judgment or decree may be reviewed on appeal as prescribed in this chapter and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein, or an interlocutory decree in a suit for the partition of real property, defining the

rights of the parties to the suit and directing sale or partition, or a final order affecting a substantial right, and made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial, for the purpose of being reviewed on appeal, shall be deemed a judgment or decree * * *.''

The question of the right of appeal as set down in our Code has many times been the subject of discussion and controversy in this jurisdiction. It was thoroughly digested in *Carmichael v. Carmichael,* 101 Or. 172 (199 P. 385), and in delivering our opinion in that case we quoted with approval the following excerpt from 17 Standard Procedure, 658-660:

''The test of the jurisdiction of the court to grant relief is not whether good cause for granting the relief exists, but whether the tribunal assuming to act had power to enter upon the inquiry in the particular case or grant relief for any cause, and this must be sought for in the general nature of the powers of the court or the general laws defining its jurisdiction. It does not depend upon whether its conclusion in the course of it is right or wrong, nor whether its methods were regular * * *. The jurisdiction of the subject matter of any controversy in any court must be determined in the first instance by the allegations in the complaint or petition, as the case may be, made in good faith, and does not depend upon the existence of sustainable cause of action, or upon the evidence subsequently adduced. Jurisdiction is the power to consider and decide one way or the other, as the law may require.''

If this court is without jurisdiction, it is not empowered by law to enter upon the inquiry.

In the Carmichael case, supra, we further held:

''The right of appeal is limited by law, and the cases in which appeals may be taken, and the methods of procedure therein, are such only as the law provides.

Clay v. Clay, 56 Or. 538, 541 (108 P. 119, 109 P. 129); State v. Security Savings Co., 28 Or. 410, 417 (43 P. 162); School District v. Irwin, 34 Or. 431, 436 (56 P. 413); Kadderly v. Portland, 44 Or. 118 (74 P. 710, 75 P. 222); Hansen v. Robbins, 80 Or. 659 (157 P. 1112, 158 P. 503); In re Waters of Chewaucan River, 89 Or. 659 (171 P. 402, 175 P. 421); Smith Securities Co. v. Multnomah County, 98 Or. 418 (192 P. 654, 194 P. 428).''

In the earlier case of *Bowman v. Holman,* 48 Or. 351 (86 P. 792), the court, in passing upon the question, expressly stated:

"The statute provides that an appeal may be taken from a 'final order affecting a substantial right' made after judgment or decree. B. & C. Comp., § 547. The order in question is not of that character. It is not a final order   *   *   *.'' (Citing authorities.)

As to what constitutes a "final order affecting a substantial right," see the recent case of *Talbot & Casey, Inc., v. Simon,* 136 Or. 74 (298 P. 644).

In *Hubbard v. Olsen-Roe Transfer Co.,* 101 Or. 168 (199 P. 187), the lower court entered an order sustaining a demurrer to an affirmative answer and striking out material parts of another answer. From that order an appeal was attempted, and this court, in rendering its opinion, said:

"The judgment to be appealable must be substantially a final disposition of the action. It cannot be, under our statute, that the instant a litigant becomes aggrieved at a decision of the trial court he can appeal to this court. It would lead to endless litigation, and rights of the parties would be decided by piecemeal, not only in the trial court but in the appellate court.''

The case of *Vaktaren Publishing Co. v. Pacific Tribune Publishing Co.,* 41 Wash. 355 (83 P. 426), is

squarely in point. By reason of its clarity and helpfulness to a proper understanding of the question at issue, we here set out the following excerpt therefrom:

"In response to the summons served upon it, the respondent made a general appearance in the action, and moved the court to strike the complaint from the files of the court for the reason that it contained two or more causes of action which were not separately stated. This motion was granted by the court, and the appellant, conceiving itself aggrieved thereby, has appealed therefrom. The respondent moves to dismiss the appeal on the ground that the order appealed from is not an appealable order. This motion must be granted. An order entered before final judgment to be appealable under the statute must in effect determine the action and prevent a final judgment, or it must discontinue the action. This order in effect did neither. It simply determined that the complaint was insufficient in form, not that the appellant had no cause of action. The statute expressly provides that the court may allow an amended pleading to be filed where the original is stricken because it contains more than one cause of action or defense and the same are not pleaded separately. The appellant therefore had the right, when the motion to strike was sustained, to elect whether it would stand on its complaint and allow judgment to be taken against it, or whether it would amend and make its complaint conform to the court's idea of good pleading. As it did neither, the case was still pending in that court, neither discontinued nor determined, when it attempted to appeal to this court. It should have allowed judgment of dismissal to be taken against it and appealed from that judgment. The condition of the case is analogous to that where a demurrer has been sustained to a complaint, and we have repeatedly held that an appeal will not lie from such an order."

■ There is no common-law right of appeal. This right is conferred by statute: *Smith Securities Co. v. Multnomah County,* 98 Or. 418 (192 P. 654, 194 P. 428).

The statute which governs in the instant case, as construed and applied by this court in many cases, does not empower the court to determine the merits of the appeal in this proceeding.

The appeal will be dismissed.

ROSSMAN and CAMPBELL, JJ., not sitting.

Rehearing granted and former opinion adhered to January 17, 1933

ON REHEARING
(17 P. (2d) 1117)

KELLY, J. When this case first was under consideration, the abstract of record, which disclosed that

orders of dismissal had been entered by the trial court as to three of the defendants, was distributed separately from the first printed abstract and briefs. That may or may not account for the oversight on the part of the justice who wrote the former opinion by reason of which such orders of dismissal were unnoticed. As soon as his attention was called to the orders of dismissal and the appeal therefrom, Mr. Justice BROWN, who wrote the original opinion, requested a rehearing and his request was immediately granted. The usual practice is to fasten the printed abstract of record to the briefs before they are distributed to the members of this court and the writer hereof confined his former consideration of the case to the record as presented by the printed documents so fastened together and distributed.

■ Upon rehearing, we are confronted with a motion to dismiss the later appeal. The question involved is whether the orders of dismissal are appealable orders in the light of the fact that no order of dismissal was made as to answering defendants, or as to the other defendants who have appeared by motion to strike the original complaint. An appealable order is a final order: Article VII, section 6, Constitution of Oregon. The legislature has not declared that an order of dismissal as to part of the defendants in a case shall be deemed a final order where, as in this case, no order of dismissal has been made as to the other defendants.

■■ It is argued by plaintiffs that, when the order striking the amended complaint was made, there was nothing left which affects the rights of the answering defendants, or of those who have filed motions to strike the original complaint, or which requires or permits the exercise of any jurisdiction on the part of the trial court with respect thereto; and hence, as to

said answering and moving defendants, as well as to defendants Patton, Fulton and Smith, the said orders of dismissal are final and therefore appealable orders.

We are unable to concur in plaintiffs' view as above stated. The effect of an order striking an amended pleading is to restore the original pleading: *State ex rel. v. Frenger,* 34 N. M. 151 (278 P. 208) ; *Wapella State Savings Bank v. Colton,* 143 Iowa 359 (122 N. W. 149) ; *Bealle v. Day,* 28 Ga. 435, and other cases cited in 49 C. J. 775, section 1127, note 72. In respect to the defendants, as to whom the same has not been dismissed, this cause is pending in the trial court upon the original complaint and the motions directed against it.

■ A half a century ago, this court announced the rule that an appeal lies only when the controversy as to all the parties to the action has been finally determined: *Watkins v. Mason,* 11 Or. 72, 73 (4 P. 524). This rule is supported by the great weight of authority: 3 C. J. 464, section 279, and cases cited in note 68; *Bush et al. v. Leach et al.,* 22 Fed. (2d) 296; *Kircher v. Hamill et al.,* 239 Ill. App. 496; *Van Vleet Mansfield Drug Co. v. Spradlin et al.,* 268 S. W. 786; *Anderson v. Claxton et al.,* 291 S. W. 960; *Colburn v. Ward,* 40 S. W. (2d) 878; *Chicago & W. I. R. Co. v. City of Chicago et al.,* 294 Ill. 257 (128 N. E. 462).

■ Applying this rule, we hold that the orders of dismissal, as to three of the defendants while the case is still pending in the trial court as to the other defendants, are not appealable orders; and that the order heretofore made herein dismissing plaintiffs' appeal was and is correct.

Result of original hearing adhered to.

Appeal dismissed.

CAMPBELL, J., not sitting.