Motion to advance for hearing denied September 15, 1942; appeal dismissed without written opinion November 30, 1943

\* HOFF ET AL. *v.* PENINSULA DRAINAGE DISTRICT No. 2 ET AL.

(128 P. (2d) 966)

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

---

\* See case by same title on page 630 for opinion on the merits.

*Elton Watkins,* of Portland, for appellants.

*Pendergrass, Spackman & Bullivant, Ivan Phipps, and Maguire, Shields, Morrison & Biggs,* all of Portland, for respondents.

KELLY, C. J.   A motion has been filed by plaintiffs to advance the hearing in this case.   The motion contains the following statement:

"The determination of the single question is whether the defendant, Peninsula Drainage District No. 2 can be sued for deceit perpetuated by its agents. The remainder of the defendants are not before the court on this appeal, their demurrers to the complaint having been overruled, and the question is at issue on trial in the lower court, awaiting the determination by the Supreme Court as to whether or not the Drainage District should likewise be held answerable on the complaint in which all the defendants are joined."

An examination of the record filed in this court discloses that an order was made by the trial court dismissing the action as to defendant, Peninsula Drainage District No. 2, and awarding the judgment in

favor of said last named defendant against plaintiffs for its costs and disbursements.

■ This state of the record persuades us that the order and judgment last mentioned is not an appealable order cr judgment.

■ The general rule is that an appeal lies only when the controversy as to all the parties to the action has been finally determined. *Watkins v. Bason,* 11 Or. 72, 73, 4 P. 524; 3 C. J., Subject: Appeal and Error, p. 462, Sec. 278, note 62.

An exception to that rule has been recognized where the judgment is void for want of jurisdiction. *Sturgis v. Sturgis,* 51 Or. 10, 93 P. 696, 15 L. R. A. (N. S.) 1034, 131 Am. St. Rep. 724; *Salem King's Products Co. v. Lafollett,* 100 Or. 11, 19, 196 P. 416; *Matlock v. Matlock,* 87 Or. 307, 170 P. 528.

The case at bar is an action in deceit wherein the individual defendants are alleged to have been the agents of defendant Drainage District, and, among other things, are charged with having made misrepresentations inducing plaintiffs to execute a deed for a right of way and easement across lands owned by plaintiffs and with having entered thereafter upon said lands, built a dike thereon and deposited thereon large amounts of earth thereby appropriating a half acre of plaintiffs' land and greatly lessening the value of the remaining part of plaintiffs' said premises.

■ This partial statement of the issues is made in support of the statement that it cannot be urged that the trial court was, or is, without jurisdiction, and, hence, the judgment in suit is void.

This general rule and further exceptions thereto are set forth in Vol. 4, C. J. S., Subject: Appeal and

Error, p. 199, et seq. section 104. In marginal note 57 to said section, a large number of cases are cited including the case of *Abrahamson v. Northwestern Pulp & Paper Co.,* 141 Or. 339, 15 P. (2d) 472, 17 P. (2d) 1117.

None of the exceptions to the general rule, which are set forth in said section has any application to the case at bar.

■ In marginal note 73 to subdivision b of the above cited section 104, there is a citation to numerous authorities to the effect that a judgment or decree dismissing the action or bill as to less than all of two or more defendants is not final so as to permit an appeal. *Abrahamson v. Northwestern Pulp & Paper Co.,* supra, is among those cited.

For these reasons plaintiffs' motion to advance the hearing of their attempted appeal is  denied.