### 33355. OWEN *v.* GEORGIA POWER COMPANY.

WORRILL, J. Where, upon an appeal to the superior court by both parties from the award of assessors in a proceeding by a public electric light and power company to acquire by condemnation an easement across the lands of the condemnee-defendant for the purpose of erecting its electric transmission lines, the condemnor plaintiff amended its petition in response to a contention made by the condemnee in his answer, which amendment to the petition was allowed by the trial court subject to objection and demurrer, and where thereafter the defendant filed a general demurrer and motion to dismiss the petition as amended and a separate document denominated "Objection to Allowance of Amendment," the first ground of which was, "That said proposed amendment would state an entirely different cause of action from that set out in the original condemnation notice and the appeal from the assessors' award therein and would so change the original action as to convert it into one not authorized by any of the laws of Georgia," and where said "Objection to Allowance of Amendment" contained a prayer "that the said amendment not be allowed and that the same be stricken," and where upon the argument before the trial court of both the defendant's general demurrer and "Objection to Allowance of Amendment," the court entered the following order: "It is ordered that ground 1 of defendant's motion to strike the amendment . . is sustained and said amendment is stricken as having been improvidently allowed," and "the defendant's general demurrer to the petition, as amended, is overruled"—the exception before this court to the overruling of the general demurrer to the petition as amended is without merit, where the sole argument advanced in support of the general demurrer relates to the petition as altered by said stricken amendment. Conceding, but not deciding, that the amendment was subject to the objections urged, and that the petition as amended was demurrable on the grounds that it constituted "an abandonment of the original condemnation proceedings . ." and "an attempt to set forth a cause of action different and distinct from that first set forth and one not authorized by the laws of Georgia," nevertheless, when the trial court entered an order granting plaintiff in error's prayer that said amendment be stricken, the harmful effect, if any, of the amendment was thereby removed, and the petition stood before the court as originally drawn; and the demurrer itself admitting that the original petition "was a proceeding authorized by the laws of eminent domain," and that the original petition was not subject to demurrer, the trial court properly overruled the general demurrer to the petition. See *Bealle* v. *Day,* 28 *Ga.* 435.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*

DECIDED MAY 4, 1951.

*Frank O. Evans, Jackson & Jackson, Victor Davidson,* for plaintiff in error.
*Miller, Miller & Miller, Alex S. Boone Jr.,* contra.