MONARCH LUMBER COMPANY, a Corporation, Plaintiff
and Appellant, v. LAWRENCE HAGGARD and GLORIA
HAGGARD et al., GERALD A. LaMOURE and HELEN
LaMOURE, et al.. JOHN F. RUNG and ELAINE RUNG,
et al., and INDUSTRIAL REALTY COMPANY, a Cor-
poration, et al., Defendants and Respondents.

Nos. 10097-10100.
Submitted March 7, 1961. Decided April 7, 1961.
360 P.2d 794.

Church, Harris, Johnson, Williams & Lovell, Great Falls, Keller & Magnuson, Helena, for appellant.

Charles C. Lovell, Great Falls, and Melvin E. Magnuson, Helena, argued orally.

Mahan & Mahan, Leo J. Kottas, Stanley R. Foot, and Skedd, Harris & Massman, Helena, for respondents.

Thomas H. Mahan, Helena, Leo J. Kottas, Stanley R. Foot, Lloyd Skedd argued orally.

Michael J. Hughes and George T. Bennett, Helena, amicus curiae.

George T. Bennett argued orally.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

These appeals are brought by the appellant from judgments of dismissal which were entered in favor of the respondents in each of four consolidated causes.

The appellant in each of the consolidated causes is the Monarch Lumber Company which Company filed complaints to foreclose mechanics' liens against the homes of the respondents in three of the causes and against the business premises of the respondent in the other cause. Also named as defendant in each of the causes is the administrator of the estate of the deceased contractor to whom the appellant claims it furnished materials which went into the construction of the properties of the respondents.

All of the causes involve substantially similar questions which arise solely on the pleadings although the pleadings in cause No. 10097 (respondents Haggards) are somewhat different than those in the other causes, and there are certain

considerations in that cause which are not germane to the other three causes. These considerations relating to cause No. 10097 also involve questions of pleading and will be considered at this point in the opinion.

In cause No. 10097 the pleading and procedure was as follows:

(1) Appellant filed its complaint to foreclose a mechanic's lien filed against the property of the respondents Haggards.

(2) Respondents Haggards interposed a general demurrer to this complaint.

(3) Appellant filed its *amended complaint* before any ruling had been made on the general demurrer to its original complaint.

(4) Respondents Haggards interposed a *general demurrer to the amended complaint.*

(5) Respondents Haggards' general demurrer to the amended complaint was sustained and the appellant was given twenty days in which to further plead.

(6) Appellant filed its *second amended complaint.*

(7) Respondents Haggards filed a motion to strike which is set out in part as follows:

"Come now the defendants [respondents Haggards] * * * and move the court for an order striking the *amended complaint* of the plaintiff above-named in the above-entitled cause from the records and files of said action upon the grounds and for the reason that said purported *amended complaint* is identical in substance and a repetition of the *original complaint* filed by said plaintiff in the above-entitled cause and *to which original complaint a general demurrer on the part of these defendants was sustained by the above-entitled court. * * *"* Emphasis supplied.

(8) The court sustained this motion to strike what was designated as the *amended complaint* on the ground that the *amended complaint* is identical in substance and a repetition

of *the original complaint to which a demurrer was sustained.*
The court then ordered the proceedings dismissed.

The contention of the appellant is that since both the
motion to strike and the order sustaining the motion to strike
were directed to the *amended complaint,* the *second amended
complaint* is still outstanding and thus the cause should not
have been dismissed. This contention is without merit.

It should be noted that no ruling was ever made on the
demurrer to the *original complaint* and the appellant submitted
an *amended complaint* before any such ruling had been made.
However, the demurrer to the *amended complaint* was sustained
and the appellant then submitted its *second amended complaint.*
After the *second amended complaint* was submitted, the motion
to strike and the order sustaining the motion to strike were
made.

It is obvious that although the motion to strike and the order
sustaining such motion to strike were erroneously directed to
the *amended complaint* they were meant to be directed to the
*second amended complaint* for these reasons:

(1) Since both the motion to strike and the order sustaining
it followed the filing of the *second amended complaint* in point
of time;

(2) Since a general demurrer had already been sustained
to the *amended complaint* and therefore a motion to strike the
*amended complaint* would have been a useless act, and;

(3) Since both the motion to strike and the order sustaining
it stated the reason therefor was that the *amended complaint*
was a repetition of the *original complaint to which a demurrer
had been sustained* and a demurrer had not been sustained to
the *original complaint,* but, rather to the *amended complaint.*
Therefore, looking to substance rather than form, we hold that
the motion to strike and the order sustaining it were directed
to the second amended complaint. See Frati v. Jannini, 226
Mass. 430, 115 N.E. 746. However, this does not close the
inquiry as to cause No. 10097 since it only puts the pleadings in

that cause in the same situation as those in the other three consolidated causes.

In causes No. 10098 (respondents LaMoures), No. 10099 (respondents Rungs), and No. 10100 (respondent Industrial Realty Co.), the pleadings and procedure are substantially similar and are as follows:

(1) Appellant filed complaints to foreclose mechanics' liens against the premises of each of the respondents.

(2) Respondents interposed general demurrers to each of the complaints.

(3) The court made orders sustaining respondents' general demurrers.

(4) Appellant filed amended complaints in each of the actions.

(5) Respondents filed motions to strike each of the amended complaints on the grounds that they were repetitious of the original complaints to which general demurrers had been sustained.

(6) Respondents' motions to strike the amended complaints were sustained and each of the causes dismissed.

In cause No. 10097 the amended complaint is identical to the original complaints in the other three causes except for the names of parties and the descriptions of the properties claimed to be subject to the mechanics' liens. All further pleadings in that cause are similar to those in the other three except that the pleading which is identical to the amended complaints in the other three causes is designated as the second amended complaint in cause No. 10097. Therefore, the remaining questions presented on this appeal are the same in all four of the consolidated causes. However, the second amended complaint in cause No. 10097 will be referred to as the amended complaint and the amended complaint in that cause will hereinafter be referred to as the original complaint for the sake of clarity in considering that cause with relation to the other three.

Appellant's specifications of error raise three further ques-

tions for consideration on this appeal. These questions will be considered separately.

The first question is whether the orders sustaining the respondents' motions to strike the amended complaints had the effect of reinstating the original complaints and restoring the pleadings to the situation which existed after the demurrers had been sustained to the original complaints.

The respondents contend that the effect of filing an amended complaint after a demurrer has been sustained to the original complaint is to render the original complaint *functus officio,* and therefore this court cannot consider the sufficiency of the original complaint or the correctness of the district court's ruling on the demurrer to the original complaint after the amended complaint has been stricken. This contention is without merit.

■ Respondents have cited the well-established rule in Montana that an amended pleading supersedes an original pleading and the original pleading becomes *functus officio.* Ben Kress Nursery Co. v. Oregon Nursery Co., 45 Mont. 494, 124 P. 475; Hansen v. Goodrich, 56 Mont. 140, 181 P. 739; Berne v. Stevens, 67 Mont. 254, 215 P. 803. However, in each of the cases which the respondents have cited for this proposition the amended pleading was not stricken from the records and files, as was true in the present appeals and therefore these cases are not authority for the situation in the instant appeal.

Where an amended pleading has been stricken the pleadings are restored to their status prior to the time the amended pleading was filed. Wapello State Savings Bank v. Colton, 143 Iowa 359, 122 N.W. 149; Adams v. Webb, 104 Okl. 180, 230 P. 878; Weeks v. Bailey, 35 N.M. 417, 300 P. 358; Abrahamson v. Northwestern Pulp & Paper Co., 141 Or. 339, 15 P.2d 472, 17 P.2d 1117; Aetna Life Ins. Co. v. Phillips, 10 Cir., 1934, 69 F.2d 901.

Respondents contend that this rule is not applicable in Montana because of certain language in Paramount Publix Corp. v. Boucher, 93 Mont. 340, 19 P.2d 223. We have thoroughly examined that case and it is not contrary to the rule cited above.

We agree with the reasoning as expressed in Viiliainen v. American Finnish Workers Soc., 236 Minn. 412, 417, 53 N.W. 2d 112, 115:

"Although an amended pleading ordinarily supersedes the original complaint to which a demurrer has been interposed and sustained, it is otherwise if the amended complaint is stricken, because then the case stands as if no * * * judgment is entered pursuant to the order sustaining the demurrer."

The striking of the amended complaints in the present causes restored the pleadings to their former status and therefore this court can determine the propriety of the district court's orders sustaining the demurrers interposed to the original complaints. Any other holding would foreclose appellate inquiry when a district court has stricken an amended pleading and dismissed the proceeding. Such a result would be obviously improper.

The second question is whether this court can review the proceedings in the instant case since the respondents contend that such review would constitute an allowance of an appeal from an order sustaining a demurrer. This contention is without merit.

The proceedings in each of the causes were ordered dismissed and these orders were, in effect, final judgments of dismissal from which the appellant is now appealing. Therefore, an appeal is proper to this court under the provisions of R.C.M. 1947, § 93-8003.

The third question is whether the district court was correct in sustaining each of the general demurrers interposed to the original complaints.

It should be noted that all of the complaints to which the demurrers were successfully interposed are identical except for the names of the parties and the descriptions of the properties upon which the liens are claimed. Each of the demurrers are general demurrers on the grounds that the complaints do not state causes of action. The demurrers were sustained without stating the grounds therefor. However, the respondents contend that the complaints in each of the causes do not state causes of action since there are *no allegations of notice given by the appellant to the respondents.* In other words the respondents are contending that, to state a cause of action for foreclosure of a mechanic's lien, the complaint of a materialman (appellant) must allege that prior to the payment of the contractor by the homeowner (respondents), he, the materialman, must give notice to the homeowner that he intended to hold the homeowner responsible for the materials furnished. This argument is without merit.

The early history of the mechanic's lien law in Montana is outlined in Merrigan v. English, 9 Mont. 113, 22 P. 454, 5 L.R.A. 837. In that case this court recognized that there were two basic theories concerning mechanic's lien statutes. One theory is the equitable subrogation theory where the materialman is subrogated to the rights of the contractor. Under this theory a notice by the materialman to the homeowner is required. The other theory is the direct lien theory where the materialman, upon furnishing materials to a contractor, is given a direct lien against the property which the materials are used to construct. Under the latter theory notice to the homeowner is not necessary. The Merrigan case expressly recognized that the Montana Legislature changed from the equitable subrogation theory to the direct lien theory in 1887 by amending the mechanic's lien statutes. This has remained true up to the present time.

However the respondents have attempted to find a require-

ment of notice by the materialman to the homeowner in R.C.M. 1947, § 2-206, which provides:

"If exclusive credit is given to an agent by the person dealing with him, his principal is exonerated by payment or other satisfaction made by him to his agent in good faith, before receiving notice of the creditor's election to hold him responsible."

This statute originated in Montana as section 3115 of the Civil Code of 1895. The respondents contend that this statute has the necessary effect of changing the mechanic's lien law by requiring notice to the homeowner prior to payment by the homeowner to the contractor before a lien can be perfected by a materialman.

Assuming, but not deciding, that the contractor was an agent of the homeowners' in each of the present appeals, we hold that section 2-206 does not modify the Montana mechanic's lien statutes.

All of the statutes concerning mechanics' liens are contained in sections 45-501 to 45-512, R.C.M. 1947. There is no provision in these statutes whereby the materialman must file a notice with the homeowner although section 45-502 provides that the lien must be filed with the county clerk of the county where the property is located.

Section 45-501 provides in part that every lumberman furnishing material for any building or structure has a lien upon such building or structure "upon complying with the provisions of this chapter [referring to Chapter 5 of Title 45]."

The theory that Montana's mechanics' lien statutes were amended by the later passage of section 2-206 is ruled out by the express language of section 45-501 whereby a mechanic's lien is perfected upon complying with the provisions of Chapter 5 of Title 45 and section 2-206 is an entirely different chapter of a different title. Such a theory would also be an attempt to have a *general* agency statute control a situation which is treated by the *special* statutes governing

mechanics' liens. A *special* statute controls a *general* statute relating to the same general subject matter. See Franzke v. Fergus County, 76 Mont. 150, 245 P. 962, and In re Kesl's Estate, 117 Mont. 377, 161 P.2d 641.

No allegation of notice given by the materialman to the homeowner prior to payment by the homeowner to the contractor is necessary to state a cause of action for foreclosure of a mechanic's lien. We have examined the original complaints thoroughly and find that each states causes of action for a mechanic's lien foreclosure. Therefore, the district court erred in each of the causes in sustaining the general demurrers to the complaints.

The judgments of dismissal are reversed in each appeal with directions to the district court to have further proceedings not inconsistent with what is herein expressed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, ANGSTMAN and JOHN C. HARRISON, concur.